UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*FILED*
*IN CLERKS OFFICE*
*2002 FEB -6  P 3: 21*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

No.:

**02 CV 10204 NG**

| | |
|---|---|
| TIMOTHY DOHERTY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| DET. JAMES HYDE; | ) |
| DET. CHRISTOPHER WARD; | ) |
| CAPTAIN JAMES TATOSKY; | ) |
| CAPTAIN JOHN O'CONNOR; | ) |
| LT. JOHN BOSSI, retired | ) |
| LT. MICHAEL CABRAL; | ) |
| FORMER CHIEF DONALD CALIGURI; | ) |
| CAPTAIN ROBERT BRADLEY; | ) |
| AND THE CITY OF SOMERVILLE | ) |
| | ) |
| Defendants | ) |

**COMPLAINT**

RECEIPT #_____ 3682
AMOUNT $____ 150
SUMMONS ISS. yes - 9
LOCAL RULE 4.1 _____
WAIVER OF SERV. _____
MCF ISSUED _____
AO 120 OR 121 _____
BY DPTY CLK____ SS
DATE____ 2-6-02

## INTRODUCTION

1.    This is a suit pursuant to 42 U.S.C. 1983 and 1985 and the state whistle

blower statute against the City of Somerville, and several individual officers based upon

the defendants' violation of the plaintiff's First and Fourteenth amendment rights to the

United States Constitution not to be penalized for testifying truthfully in a court 04034 #4638

proceeding.  The plaintiff broke the "Code of Silence" of the Somerville Police

department and testified at a federal trial that fellow officers had participated in the

beatings of civilians outside and in the police station on the night of October 8, 1994.  As

a result of his truthful testimony, the plaintiff has been shunned and harassed by his

fellow officers, his life made miserable in a hostile work environment, and he has

1



suffered great pain and suffering including a mental breakdown with hospitalization from

the stress.

## JURISDICTION

2.     Jurisdiction is based upon 28 U.S.C. § 1331 to adjudicate claims arising

from federal law and on 28 U.S.C. § 1343 to adjudicate state law claims which arise out

of the same conduct or occurrence, with the application of pendant jurisdiction.

## PARTIES

3.    Plaintiff Timothy Doherty is a Somerville Police Officer and lives in Medford, Massachusetts.

4.    Donald Caliguri was the former Chief of Police of the City of Somerville, but is now retired and lives in Medford, Massachusetts. He is sued as an individual while he was acting under color of law.

5.    Captain James Tatosky is a Somerville Police Officer and is sued in his individual capacity as acting under color of law.

6.    Detective James Hyde is a Somerville Police Officer and was acting under color of law and is sued individually.

7.    Captain John O'Connor is a Somerville Police Officer and was acting under color of law and is sued individually.

8.    Lt. Michael Cabral is a Somerville Police Officer and was acting under color of law and is sued individually.

9.    Lt. John Bossi was a Somerville Police Officer who is now retired and is sued in his individual capacity as acting under color of law.

10.    Captain Robert Bradley is a Somerville Police Officer and is sued in his individual capacity as acting under color of law.

11.    The City of Somerville is a duly organized municipality.

## FACTS

1.    The plaintiff has been a Somerville police officer for thirteen years.

2.    Late on the night of October 8, 1994 a group of plainclothes Somerville police officer became embroiled in a bar fight at the Holiday Inn in Somerville.

3.      The officers slapped the civilian witnesses and swore at and taunted them as they dragged them off in handcuffs.  One of the arrested men was beaten particularly badly.

4.      Back at the police station defendant Hyde removed the civilian, Michael Henderson, from a holding cell while he was still in handcuffs and beat him for a period of time in a photographing room.

5.      The plaintiff broke the brotherhood of the blue "Code of Silence" by testifying truthfully at trial as to the serious misconduct by several officers of the Somerville Police Department.

6.      As a result of breaking the "Code of Silence" in order to tell the truth, plaintiff's life has been made miserable by the defendants.

7.      He has been ostracized by all but a few officers in the department.

8.      Defendant former Chief of Police Donald Caliguri, and defendant James Tatosky, former head of Internal Affairs, did nothing to stop the harassment and abuse resulting in the hostile work environment.

9.      After the trial plaintiff was returned to the same division where the very men he had testified against were assigned.  Defendant Tatosky refused to transfer him to another division until a job opened several months later.

10.     When the plaintiff complained on or about July 7, 1999 to Mayor Gay about the harassment, she did nothing to stop it.

11.    When the plaintiff was involved in an accident in October of 2000, defendant Tatosky took the unprecedented step of commencing an internal affairs investigation on his own without a complaint being filed, after earlier stating he would not start an internal affairs investigation without a formal complaint.

12.    After plaintiff testified, he was written up for minor violations that would normally not had been the basis of a formal report.

13.    Someone wrote down 'rat' next to his name on an official document after trial, but the defendants did not investigate the incident.

14.    The plaintiff was informed that someone in the department stated: "Tim Doherty better start carrying a gun. His kids should move to the rear of the house." Defendants Caliguri and Tatosky claimed there was nothing to the threat and did not in good faith seriously investigate its source.

15.    In one radio transmission that mistakenly went to all parties on the radio, the plaintiff was called "a puke face fuck" by a civilian dispatcher. Defendant Tatosky and the other responsible defendants did not investigate and took no action.

16.    Defendant Bradley harassed the plaintiff and singled him out for special punishment. He threatened to suspend plaintiff and dock his pay for a minor violation.

17.    Defendant Cabral, after the trial, stated that "not everybody agrees with Doherty." This comment further undermined the plaintiff's position in the department by suggesting he lied in order to falsely implicate his fellow officers.

18.   Defendant O'Connor was in charge of the station on the night of the incident. He could have stopped the beatings but did not. He lied under oath at trial and set the pattern for the following harassment. He has ostracized the plaintiff and has not said a word to him since.

19. Defendant Ward and Hyde have ignored the plaintiff and never once initiated a substantial conversation with the plaintiff even though they were on a friendly basis before the trial. They have perpetrated the hostile work environment in which plaintiff now remains.

20.   Defendant Hyde was found liable for the beating of October 8, 1994 by a federal court jury as he was the ringleader of the officers using excessive force.

21.   The Plaintiff experienced a nervous breakdown as a result of the actions of defendant, was hospitalized, and was out on disability leave due to stress from December 1999 to March 2000.

22.   The City refused to put plaintiff on disability status with full pay for hospitalization due to plaintiff's breakdown, but required him to take sick pay. The City refused to classify him as an officer injured in the line of duty so he could receive a tax break.

23.   The Somerville Police Department has a history of punishing those who break the "Code of Silence." On or about 1992, police officer James Riberio stole around $50,000 from the police union. When Officer Daniel McCarthy reported the theft to the higher authorities in the police department and pressed for disciplinary action and/or prosecution, he was punished for breaking the "Code of Silence" and was damaged much

6

like the plaintiff in this case. He was forced to leave the Department and is now a police officer in another jurisdiction.

24. There have been other incidents of punishment of police officers who broke the "Code of Silence" by some of the defendants.

## COUNTS

## COUNT I – VIOLATION OF 42 U.S.C. 1983 AND 1985 BASED ON DENIAL OF FIRST, FOURTH, FIFTH AND FOURTEENTH AMENDMENTS RIGHTS BY CITY

1. Paragraphs 1 through 24 are incorporated.

2. The City of Somerville has a custom and policy of tolerating a code of silence policy that penalizes any officers that break the code and speak the truth about fellow officers' misconduct.

3. As a result of this policy, the City has tolerated a hostile work environment including continual harassment by fellow officers against the plaintiff since it became known that he intended to tell the truth about the beating of civilians by fellow officers.

4. The Police Department Internal Affairs Unit has encouraged the custom and policy by not adequately investigating allegations of misconduct by officers.

5. Plaintiff's First Amendment right to free speech, his liberty interest protected by the Fifth Amendment, and his privacy rights protected by the First and Fourth Amendments have been violated as well as his due process and equal protection rights under the Fourteenth Amendment.

7

## COUNT 2 – CONSPIRACY TO VIOLATION OF 42 U.S.C. 1983 AND 1985
## BY INDIVIDUAL DEFENDANTS

1.    Paragraphs 1 through 24 are incorporated

2.    There has been a conspiracy among the named individual defendants and others to punish the plaintiff for his truthful testimony by harassing, intimidating and ignoring him such as to create an unbearable and hostile work environment. These defendants have hindered and impeded the plaintiff in the discharging of his official duty.

## COUNT 3 – VIOLATION OF 42 U.S.C. 1983 BY INDIVIDUAL OFFICERS

1.    Paragraphs 1 through 24 are incorporated

2.    The individual officers charged here violated plaintiff's First and Fourteenth amendment rights to free speech and due process by their company to punish him for testifying truthfully about misconduct in the department. Such ostracizing has included harassment such that a "hostile work" environment has been created. They have hindered and impeded the plaintiff in the discharging of his official duties.

## COUNT 4 – VIOLATION OF G.L. C.149 S.185 (WHISTLE BLOWING STATUTE)

1.    Paragraphs 1 through 24 are incorporated

2.    The defendants took retaliatory action against the plaintiff because he testified in a federal court proceeding that Somerville Police officers had violated the law in using excessive force against civilians.

3.    The retaliating action included adverse employment actions taken against the plaintiff.

WHEREFORE, Plaintiff requests this Honorable Court to take the following

action.

1)  Award compensatory damages;

2)  Award punitive damages against the individual officers;

3)  Award costs and attorneys' fees;

4)  Do whatever else justice requires.

A JURY TRIAL IS DEMANDED.

                                        TIMOTHY DOHERTY
                                        By his attorney,


                                        Stephen B. Hrones
                                        BBO#242860
                                        HRONES & GARRITY
                                        Lewis Wharf-Bay 232
                                        Boston, MA 02110-3927
                                        (617) 227-4019


Dated: February 6, 2002